UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATIE-KEITH J. R.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-cv-05672-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 12, 16, 19.

After considering the Administrative Record ("AR") and all memoranda, the Court concludes: (1) the Administrative Law Judge ("ALJ") harmfully erred in his consideration of Robin Abrahamson's medical opinion, and (2) a remand for further proceedings is appropriate. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

## I.  PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. AR 82, 119. Plaintiff's initial hearing was held on August 7, 2023. AR 24, 39–81. On October 3, 2023, the ALJ issued a written decision in which the ALJ concluded Plaintiff was not disabled pursuant to the Social Security Act. AR 24–34. The Social Security Administration Appeals Council ("AC") declined Plaintiff's request for review on May 22, 2024, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–7. Plaintiff filed a Complaint in this District seeking judicial review of the ALJ's written decision on August 19, 2024. Dkt. 4. Defendant filed the sealed AR in this matter on October 15, 2024. Dkt. 10.

## II.  BACKGROUND

Plaintiff was born in 1983 and was 36 years old on September 29, 2020, her alleged date of disability onset. AR 26. Plaintiff has at least a high school education with a self-reported history of special education. AR 27, 29, 33. Plaintiff has past work experience as a sales attendant, sorter pricer, customer complaint clerk, and nursery school attendant. AR 33. According to the ALJ, Plaintiff suffers from, at a minimum, the following severe impairments: depressive disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD") (20 CFR 404.1520(c)). AR 26.

However, the ALJ found the Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." AR 27. The ALJ found Plaintiff had the following residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: can perform simple, routine tasks (consistent with a

reasoning level of 1 or 2); can tolerate occasional contact with coworkers, supervisors, and the general public; can tolerate occasional changes to work routines and work processes; and requires regular work breaks at 2-hour intervals.

AR 28. Based on the RFC, the ALJ found Plaintiff was not disabled during the relevant period from her onset date, September 29, 2020, through the date last insured, June 30, 2023. AR 34.

### III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)(internal quotations omitted).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; and (3) whether the ALJ properly assessed Plaintiff's RFC and reasonably based his step five finding on this RFC assessment. Dkt. 12 at 1. Having reviewed the record, the Court finds the ALJ erred in considering the opinion of Robin Abrahamson, LICSWA, MSW ("Abrahamson"), and remands for further consideration.

**A.      Medical Evidence**

Plaintiff primarily assigns error to the ALJ's assessment of the medical opinions from Abrahamson, and Bruce Eather, Ph.D. Dkt. 12 at 2, 6. Additionally, Plaintiff contends the medical opinion of William S. Kelly, M.D., submitted to the Appeals Council along with

Plaintiff's request for review further demonstrates the ALJ's decision was not supported by substantial evidence in the record. Dkt. 12 at 7.

For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). The Ninth Circuit recently held that the "revised social security regulations are clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

1. <u>Abrahamson Opinion</u>

Abrahamson began treating Plaintiff in September 2018 and completed a medical source statement for Plaintiff dated August 2, 2023. AR 627–31. The ALJ found Abrahamson's opinion unpersuasive for the following reasons:

> [Abrahamson] opined mostly marked to extreme limitation in most listed basic mental work activities. However, they are a social worker, and not a medical professional. Their statements also are not entirely supported or consistent with the medical evidence. They list borderline personality disorder as a psychiatric condition, but notably, mental health progress notes consistently mention this condition as a rule out diagnosis (e.g. Exs. 1F/160, 188; 5F/11, 53). The provider also stated that the claimant has been experiencing psychotic symptoms since the beginning of their treating relationship (Ex. 8F/7), but then fails to mention any psychotic symptoms like hallucinations or delusions (Ex. 8F/3). Progress notes also fail to mention these types of complaints or observations, and often mention fair/good insight and goal directed and logical thought process (Exs. 1F/160, 163, 166- 188; 4F/20; 5F/25, 33). Further, the marked to extreme limitations in most listed activities is inconsistent with the longitudinal record, which shows overall improved symptom level and functioning since the alleged onset date; and despite varied mood, at times rambling/loud speech, and being distracted/preoccupied by her

> environment, progress notes document generally consistent normal observations like pleasant and cooperative behavior even when irritable, average intellect, appropriate thought content, adequate hygiene, neat appearance, and normal eye contact (Exs. 1F/93, 95, 98, 101-188; 4F/6, 8, 10, 12-20; 5F/5, 7, 9, 11-56). The opinion of mostly marked and extreme limitations also is inconsistent with the claimant's independence in activities of daily living and reported ability to take care of her young special needs child with little or no help (Exs. 4E; 1F/39; 5F/9). The DDS opinion is more persuasive and consistent with the record for the reasons discussed above.

AR 32.

As an initial matter, the Court notes a significant error in the ALJ's reading of Abrahamson's opinion. The ALJ's decision emphasized the Abrahamson statement that Plaintiff experienced "*psychotic* symptoms since the beginning of their treating relationship, but then fails to mention any *psychotic* symptoms like hallucinations or delusions." AR 32 (citations omitted). The ALJ goes on to note the lack of "these types of complaints or observations" throughout Plaintiff's progress notes in contrast to the frequent mentions of Plaintiff's "fair/good insight and goal directed and logical thought process." *Id.*

However, upon review, Abrahamson did not indicate Plaintiff suffered from "*psychotic*" symptoms, but rather described Plaintiff as experiencing ongoing "*psychiatric*" symptoms. AR 631. While the ALJ found the lack of psychotic symptoms in the record undermined Abrahamson's opinion, Abrahamson's progress notes and the medical record refer frequently to psychiatric symptoms like the "depressed mood, lack of energy/motivation, problems concentrating, guilt, feeling worthless, easily startled, flashbacks of traumatic events, indecisiveness, distressing memories, anxiety, dissociative reactions, & avoidance" described in her opinion. AR 629, 631. As a result of mistaking "psychotic" for "psychiatric," the ALJ's analysis of the supportability factor relies in large part upon the overall lack of "psychotic" symptoms in the record without assessing the supportability of any "psychiatric" symptoms described by Abrahamson.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 5

An error is harmless if there remains substantial evidence supporting the ALJ's decision, and the error is inconsequential to the ultimate nondisability determination. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). The Ninth Circuit is "cautious" when applying harmless error and demands "that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). An error is harmful unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Olivia M. v. Saul*, 2020 WL 10058123, at *6 (E.D. Wash. Aug. 20, 2020) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)). If the record is unclear as to whether the error was inconsequential, the reviewing court must reverse. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 932 (9th Cir. 2014).

Here, the Court cannot say with certainty that the distinction between "psychotic" and "psychiatric" would have been inconsequential to the ALJ's consideration of Abrahamson's medical opinion. Evaluating an opinion alleging psychotic symptoms that are entirely unsupported by the record could reasonably impact an ALJ's review of both the supportability and consistency of a medical opinion. Had the ALJ properly considered Abrahamson's opinion as to the Plaintiff's actual psychiatric symptoms described in the opinion and referenced throughout the medical record, the ALJ may have included additional limitations in the RFC. For example, Abrahamson opined Plaintiff had extreme limitations in her ability to adapt to changes and "manage psychologically based symptoms" in a work setting. AR 630. The ultimate disability determination may change if limitations opined to by Abrahamson are included in the RFC and considered throughout the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

    2.    <u>Dr. Eather Opinion</u>

Plaintiff further objects to the ALJ's consideration of the mental functioning assessment of Bruce Eather, Ph.D. Dkt. 12 at 6–7. The Court has reviewed Plaintiff's arguments but declines to reach them as the Court has already determined that remand is necessary, and Plaintiff's RFC must be reevaluated for the reasons given above. *See* Social Security Ruling 96-8p, (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

    3.    <u>AC Evidence</u>

After the ALJ's decision, Plaintiff submitted an additional medical opinion from a treating physician, Dr. William S. Kelly, M.D., along with her application for review. *See* AR 8. "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The Commissioner does not dispute the new evidence was considered by the Appeals Council and that it is now part of the AR. *See* Dkt. 16 at 13. Given that the ALJ's failure to properly consider Abrahamson's opinion requires remand, the Court further directs the ALJ to consider the medical opinion of Dr. Kelly on remand as the appropriate arbiter for resolving any resulting ambiguities in the medical evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008).

**B.**    **Subjective Symptom Testimony**

Plaintiff contends the ALJ failed to give specific, clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 12. As discussed above,

the ALJ committed harmful error in assessing the medical opinion evidence. Because of this error, the ALJ must re-evaluate all the medical evidence on remand. *See* Section A, *supra*. Plaintiff may be able to present new evidence and new testimony on remand, and the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's testimony. Therefore, the ALJ must also reconsider Plaintiff's subject symptom testimony on remand.

The Court notes Plaintiff's objection to the ALJ's interpretation of Plaintiff's testimony. The ALJ indicates Plaintiff's recently improved reading abilities are "inconsistent with her various allegations that she has been at a first or third grade reading level, or is unable to read and write, and has difficulty with simple math."[1] AR 31 (citations omitted); *see also* AR 27, 29. However, it appears the ALJ erroneously construed Plaintiff's testimony that she completed a young teen book series in 2008 or 2009 with noted difficulty reading the words as indicating recent improvements in her reading ability. AR 57–58. Given that Plaintiff's subjective symptom testimony will be reconsidered generally on review, the Court declines to consider whether the potential error be harmless in light of the existing RFC limitations. *See* AR 28 (limiting Plaintiff to "simple, routine tasks (consistent with a reasoning level of 1 or 2)").

**C.     RFC and Step Five Assessment**

Plaintiff maintains the RFC and Step Five findings are not supported by substantial evidence. Dkt. 12 at 14-15. As the Court has already determined remand is necessary, Plaintiff's RFC and the Step Five finding must be reevaluated for the reasons given above. *See* Social

---

[1] While not argued by the Plaintiff, the Court notes the ALJ may have similarly misinterpreted the record regarding Plaintiff's reported plans to enroll in online school. AR 27, 31. Upon review, Plaintiff seemingly referenced her plans to enroll her child in school rather than herself. The resulting confusion may derive from the redaction of the child's name from Plaintiff's records by blacking it out. AR 521 ("Client is planning to enroll [redacted] into school for next academic year."), AR 31 ("Client also shared that she also trying to get [redacted] back in school"), AR 551–52 ("Client … will be enrolling [redacted] in online school…."). As with Plaintiff's reported reading capabilities discussed above, the Court declines to address the issue further given the remand for additional consideration by the ALJ.

Ruling 96-8p, (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

## IV.   CONCLUSION

Based on these reasons and the relevant record, the Court ORDERS that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order.

Dated this 14th day of July, 2025.

Grady J. Leupold
United States Magistrate Judge